IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| EDWARD D. PARKER and VALENCIA WALKER-PARKER, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 7:25-CV-00089 (WLS) |
| LOWNDES COUNTY PROBATION, LOWNDES COUNTY JAIL, and STATE OF GEORGIA, | : : : : | |
| Defendants. | : : | |

## **ORDER**

Before the Court is Plaintiffs' Motion for Sheriff's Entry of Service (Doc. 6) ("the Motion"). Therein, Plaintiffs move for the Court to appoint someone for service of process. The Court construes Plaintiffs' filings liberally because they represent themselves. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1296 (11th Cir. 2024). Therefore, the Court construes the motion as a motion to appoint process of service under Federal Rule of Civil Procedure 4(c)(3). Also before the Court is Plaintiffs' Motion for Extension of Time to Effect Service. (Doc. 7)

Under Fed. R. Civ. P. 4(c)(3), "[a]t the plaintiff's request the court may order that service be made by a United States marshal or by a person special appointed by the court." Generally, the Rules "make appointment of a special process server unnecessary because Rule 4(c)(2) provides that service may be made by '[a]ny person who is at least 18 years old and [is] not a party[.]'" *Summergate Dev., LLC v. Sandstone Site Servs. LLC*, No. 5:24-cv-329, 2024 WL 4045563, at *1 (M.D. Fla. Aug. 16, 2024) (quoting Fed. R. Civ. P. 4(c)(2) (citing *Allstate Ins. v. Weir*, 531 F. Supp. 2d 674, 679 (E.D. N.C. 2008)). Nevertheless, a court-appointed process server may be appropriate when a party needs to be given authority that is not available to the ordinary process server, *id.* (citing *Allstate*, 531 F. Supp. 2d at 679), or "where other reasonable methods of effecting service privately have been exhausted." *Gaskin v. Hammer Scotts, Inc.*, No.

8:19-cv-647, 2019 WL 13262721, at *1 (M.D. Fla. Mar. 27, 2019) (citing *Rose v. Abraham*, 2008 WL 3540442, at *4 (E.D. La. Aug. 13, 2008) and *Zarro v. Spitzer*, 2008 WL 4399442, at *1–2 (N.D.N.Y Sept. 23, 2008)). But, in either case "any motion for appointment of a special services should describe the reasons why that authority is necessary to effect service of process." *Summergate*, 2024 WL 4045663, at *1 (citing *Gaskin*, 2019 WL 13262721, at *1).

Here, Plaintiffs have made no particularized showing as to why the authority of a court-appointed process server is necessary in this case. Plaintiffs merely state "[p]ersonally serving may be effective if not served by a marshall [sic] or someone specially appointed by the Court." (Doc. 6.) There is no indication that any method of effecting service privately has been exhausted or even attempted. As such, the Court does not find good cause to appoint a process server. Accordingly, Plaintiffs' Motion (Doc. 6) is **DENIED**, without prejudice.

The Court, however, **GRANTS** Plaintiffs' Motion for Extension of Time to Effect Service (Doc. 7). Accordingly, Plaintiffs have until **Monday, November 17, 2025** to file proof of service. Plaintiffs are noticed that, upon failure to timely comply with this Order, the action may be dismissed without prejudice without further notice or proceedings as to any unserved Defendants.

**SO ORDERED**, this 17th day of October 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**