# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| EDWARD D. PARKER and VALENCIA WALKER-PARKER, | : : : : |
| Plaintiffs, | : |
| v. | :    CASE NO.: 7:25-CV-00089 (WLS) |
| | : |
| LOWNDES COUNTY PROBATION, LOWNDES COUNTY JAIL, and STATE OF GEORGIA, | : : : |
| | : |
| Defendants. | : : |

## **ORDER**

Before the Court is Plaintiffs' Motion for Alternative of Service (Doc. 9) ("the Motion"). Therein, Plaintiffs move for the Court to appoint someone for service of process. They repeat nearly word-for-word their Motion for Sheriff's Entry of Service (Doc. 6) which the Court previously denied (Doc. 8). Therefore, the Court construes the motion as a motion to reconsider the Order denying their Motion for Sheriff's Entry of Service.

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Plaintiffs identify no intervening change in the law, no new discovery of previously unavailable evidence, and no clear error of law made by the Court. Plaintiffs give the Court no reason to grant a motion for reconsideration.

Therefore, Plaintiff's Motion for Alternative of Service (Doc. 9) is **DENIED**. Plaintiffs still have until **Monday, November 17, 2025,** to file proof of service. Plaintiffs are again reminded that, upon failure to timely comply with the Court's previous Order (Doc. 8), the action may be dismissed without prejudice without further notice or proceedings as to any unserved Defendants.

**SO ORDERED**, this 21st day of October 2025.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**