**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| EDWARD D. PARKER and VALENCIA WALKER-PARKER, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.:  7:25-CV-00089 (WLS) |
| LOWNDES COUNTY PROBATION, LOWNDES COUNTY JAIL, and STATE OF GEORGIA, | : : : : | |
| Defendants. | : : | |

## **ORDER**

Before the Court is Defendant Lowndes County Probation, Lowndes County Jail, and State of Georgia's ("Defendants") Motion to Dismiss for failure to perfect service (Doc. 15) ("the Motion"). Therein, Defendants, specially appearing for the purpose of the Motion, contend that the Court should dismiss the above-captioned action for failure to perfect service.[1] Plaintiffs Responded (Doc. 28) and Defendants Replied. (Doc. 30).

On July 11, 2025, Plaintiffs filed the above-captioned action. The Court issued an Order (Doc. 4), on September 8, 2025, for Plaintiffs to perfect service on Defendants by no later than Friday, October 16, 2025. In that Order, Plaintiffs were noticed that failure to comply might result in dismissal of the action without further notice or proceeding. (*Id.*) On October 14, 2025, Plaintiffs moved the Court to appoint process of service. (Doc. 6). The Court denied that motion on October 17, 2025. (Doc. 8). On October 20, 2025, Plaintiffs again moved the Court to appoint process of service. (Doc. 9). The Court construed that motion as a motion to reconsider, which the Court denied. (Doc. 10). In both orders, the Court reminded Plaintiffs they had until Monday, November 17, 2025, to file proof of service

---

[1] Defendants raise several other grounds for dismissal. Because Plaintiffs failed to perfect service, their suit is dismissed and the Court need not reach Defendants' other arguments.

and that "upon failure to timely comply with this Order, the action may be dismissed without prejudice without further notice or proceedings." (Docs. 8 & 10).

Plaintiffs failed to perfect service and file proof of the same by the November 17, 2025 deadline. Under Federal Rule of Civil Procedure 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiffs have failed to perfect service on Defendants, now more than ten months after the action was filed.[2]

For the foregoing reasons, Defendants' Motion to Dismiss for failure to perfect service (Doc. 15) is **GRANTED**. Accordingly, the above-captioned action, and all claims asserted in the Complaint, are **DISMISSED-WITHOUT-PREJUDICE**.

Plaintiffs have filed two motions to amend their complaint. (Docs. 11 & 27). However, any amendment would be futile because Plaintiffs failed to perfect service. A district court may deny an amendment that would be futile. *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). Plaintiffs also filed various documents that are either nonsensical or request forms of relief the Court cannot provide. (Docs. 23 & 26). Therefore, Plaintiffs' motions are **DENIED-AS-MOOT**. (Docs. 11, 23, 26 & 27). Plaintiffs also move for a hearing on the case generally. (Doc. 22). Plaintiffs have not persuaded the Court that a hearing is necessary, and the Court has determined that none is needed to address the motion to dismiss. Because the case has been dismissed, the motion for a hearing is also **DENIED-AS-MOOT**.

**SO ORDERED**, this 20th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that the case could alternatively be dismissed for failure to comply with the Court's orders.